IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REYNALDO MACEDO-FLORES (BOP Register No. 46666-177), | § § § § § § § § § § § | |
| Movant, | | |
| V. | | No. 3:16-cv-2975-O (No. 3:13-cr-281-O (01)) |
| UNITED STATES OF AMERICA, | | |
| Respondent. | | |

## **OPINION AND ORDER**

Movant Reynaldo Macedo-Flores ("Macedo"), a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Dkt. Nos. 2 & 3. The government filed a court-ordered response. *See* Dkt. No. 6. And Macedo filed a reply brief and a motion for hearing. *See* Dkt. Nos. 7 & 8.

The Court now concludes that his claims for relief should be denied.

## **Applicable Background**

In December 2013, a jury convicted Macedo of possession with intent to distribute cocaine and methamphetamine, obstruction of justice, and perjury – Counts One through Five of the Superseding Indictment. In April 2014, the Court sentenced him to total aggregate sentence of 300 months of imprisonment. The United States Court of Appeals for the Fifth Circuit affirmed the Court's judgment. *See United States v. Macedo-Flores*, 788 F.3d 181 (5th Cir. 2015). And the United States Supreme Court denied Macedo's petition for writ of certiorari. *See Macedo-Flores v. United States*, 136 S. Ct. 1156 (2016).

Macedo then timely-filed this Section 2255 motion, first raising a claim that his counsel was constitutionally ineffective – that counsel "failed to object to constant and persistent leading questions as well as improper questions posed by the prosecution (making no objections during the Government's direct examination of its witnesses)" [Ground 1]. Dkt. No. 2 at 4; *see also* Dkt. No. 3 at 4-6 (further asserting that counsel failed "to secure mitigation evidence"; failed "to interview the … 'confidential informant … key witnesses before trial"; failed "to seek suppression of the wiretap evidence of the first encounter between [Macedo and the CI]"; failed "to adequately cross-examine cooperating codefendant witnesses"; failed "to call character witnesses" on Macedo's behalf; and failed "to call [Macedo] himself to testify in his own defense").

He also claims that the Court erred by denying his request for an entrapment instruction and by assessing a two-level adjustment for obstruction of justice [Grounds 2 and 4]. *See* Dkt. No. 2 at 5, 8; Dkt. No. 3 at 7-10, 12-14. And he contends that the evidence was insufficient to support his perjury conviction [Ground 3]. *See* Dkt. No. 2 at 6-7; Dkt. No. 3 at 10-12.

**Legal Standards and Analysis**

Relief under Section 2255 is limited to a claim "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *cf. Zalawadia v. Ashcroft*, 371 F.3d 292, 299 (5th Cir. 2004) ("[U]nlike direct review where the correctness of a court or agency order is comprehensively and directly

before the court, a habeas court reviews the correctness of such an order only insofar as it relates to 'detention simpliciter.' In other words, habeas is not shorthand for direct review." (citations omitted)).

And a movant "has a burden of sustaining his contentions on a § 2255 motion by a preponderance of the evidence." *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)); *see Coon v. United States*, 441 F.2d 279, 280 (5th Cir. 1971) ("A movant in a collateral attack upon a judgment has the burden to allege and prove facts which would entitle him to relief."); *United States v. Ellis*, Crim. No. 13-286, 2018 WL 1005886, at *2 (E.D. La. Feb. 21, 2018) ("Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence." (citing *Wright*, 624 F.2d at 558)); *see also Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 384 n.9 (N.D. Tex. 2016) ("Proving a fact by a 'preponderance of the evidence' means showing that the existence of a fact is more likely than not. Thus, to prove a fact or claim by a preponderance of the evidence, a party must prove that it is more likely than not that its version of the facts is true." (citing *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983))).

I. <u>Grounds 2, 3, and 4 cannot be litigated in this proceeding.</u>

Macedo raised on direct appeal – and the Fifth Circuit rejected – his argument that this Court erred by not instructing the jury on entrapment. *See Macedo-Flores*, 788 F.3d at 187 ("Macedo argues that the evidence warranted a sentencing entrapment

defense jury instruction as to both drug trafficking counts …. Because this circuit does not recognize such a defense nor does Macedo prove true entrapment, we AFFIRM the district court's denial to instruct the jury on sentencing entrapment.").

As to whether the evidence was sufficient to support his perjury convictions, "[t]he obstruction of justice and two perjury counts arose out of Macedo's testimony during his mother's trial." *Id.* at 185. And the Fifth Circuit held that

> Macedo's false testimony was directly related to the critical issue of whether his mother was a knowing participant in the drug transactions, and the jury was well aware of that. Thus, it is almost without question that this false testimony was capable of influencing the jury.
> As such, viewing the evidence in the light most favorable to the Government, there was sufficient evidence that Macedo's false statements were material to the issue of his mother's knowing participation in the drug conspiracy.

*Id.* at 190-91 (citations omitted).

The Fifth Circuit thus considered and rejected this argument as well.

"It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.3d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)); *accord United States v. Randall*, 712 F. App'x 443, 443 (5th Cir. 2018) (per curiam) ("We disposed of this issue in Randall's direct appeal, however, so it cannot be reconsidered under § 2255." (citation omitted)).

The Court therefore denies Grounds 2 and 3.

Similarly, Ground 4, related to Ground 3, is itself merely an argument that the Court misapplied the Sentencing Guidelines and, as such, not cognizable in a collateral

proceeding. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions." (citations omitted)).

The Court therefore denies Ground 4.

II.   Ground 1: Ineffective Assistance of Counsel

The Court reviews claims of ineffective assistance of counsel ("IAC") under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a movant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness, *see id.* at 687-88. To be cognizable under *Strickland*, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687; *see also Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)).

The movant also must prove that he was prejudiced by his attorney's substandard performance. *See Strickland*, 466 U.S. at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003). Moreover, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Harrington v. Richter*, 562 U.S. 86, 110 (2011).

To demonstrate prejudice generally, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,'

but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

Macedeo's IAC claims – in sum, that his counsel failed to make adequate objections or adequately cross-examine witnesses, failed to suppress evidence, and failed to conduct an adequate investigation as to mitigation – are conclusory. Put differently, Macedo's deficient-performance allegations lack the factual support to show either (1) that his counsel's alleged actions or inactions were deficient or (2) that, if deficient, how those actions or inactions prejudiced Macedo.

As the Fifth Circuit has held in the context of IAC claims asserted by a *pro se* litigant, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Birby v. Stephens*, 595 F. App'x 350, 354 (5th Cir. 2014) (per curiam) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing, in turn, *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)))); *United States v. Henges*, 591 F. App'x 287, 287 (5th Cir. 2015) (per curiam) ("[C]onclusional assertions are 'insufficient to overcome the strong presumption of competency and the high burden of actual prejudice required to prove ineffective

assistance of counsel.'" (quoting *Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997))).

The Court further notes, as the government correctly points out, that the trial record establishes that Macedeo's counsel raised objections during the government's case against Macedo and cross-examined the government's witnesses.

The Court therefore denies Ground 1.

### Evidentiary Hearing

An evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Macedo is entitled to no relief. His motion requesting a hearing [Dkt. No. 8] is therefore denied.

### Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Macedo has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Macedo elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma*

*pauperis.*

## Conclusion

The Court denies the Section 2255 motion.

SO ORDERED.

DATED: February 6, 2019.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**